```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

BROADMOOR VILLA, LLC,           §
                                §
     Plaintiff,                 §
                                §
v.                              §    Civil Action No. H-12-819
                                §
AMERICAN CREST, INC., et al.,   §
                                §
     Defendants.                §
```

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are two motions filed by Plaintiff Broadmoor Villa, LLC ("Broadmoor" or "Plaintiff"): Plaintiff's Motion and Memorandum in Support of Leave to File its First Amended Complaint (Doc. 22), and Plaintiff's Renewed Motion to Dismiss (Doc. 21). For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's motions for leave to amend and to dismiss be **GRANTED**.

**I.   Procedural Background**

Broadmoor, a limited partner in Conroe New Pine Venture ("CNPV") originally filed an action in Montgomery County, Texas, on September 2, 2011, seeking damages on behalf of CNPV for breach of fiduciary duty, breach of the partnership agreement, fraud, and statutory fraud, as well as an accounting from American Crest, Inc. ("American Crest") (CNPV's general partner), New Pine Venture IV

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 26.

and James E. Canion ("Canion").² CNPV is a Texas limited partnership organized to own and develop a 117-acre plot in Montgomery County, Texas.³ On March 16, 2012, Broadmoor non-suited the state court action.⁴

On the same day, Broadmoor filed the present action.⁵ In this suit, Broadmoor sought damages on its own behalf for breach of fiduciary duty, fraud, and an accounting, among other causes of action against American Crest, New Pine Venture IV and Canion (collectively "Defendants"). Broadmoor alleged diversity jurisdiction over the parties' disputes because it is a Colorado limited liability corporation, while American Crest is a Texas corporation, New Pine Venture IV is a Texas partnership, and Canion is a Texas resident.⁶

On May 2, 2012, Broadmoor, individually, and on behalf of CNPV, sued American Crest, New Pine Venture IV and Canion in state court in Montgomery County, Texas, for breach of fiduciary duty, statutory fraud, common law fraud, breach of the partnership

---

² See Doc. 28, Ex. A to Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Am. State Court Pet., pp. 1-5.

³ See Doc. 1, Pl.'s Orig. Compl., p. 2. The complaint alleges that American Crest is the general partner of CNPV and that Broadmoor and Rebel-in-Heaven are its limited partners. Broadmoor claims that it owns in excess of seventy-four percent of CNPV. Id.

⁴ See Doc. 28, Ex. C to Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Notice of Non-suit.

⁵ See Doc. 1, Pl.'s Orig. Compl.

⁶ Id. at pp. 1-2.

agreement, and for an accounting.[7]  This suit was assigned to the 9th Judicial District Court of Montgomery County, Texas.[8]

Relevant to the present motion, on May 3, 2012, Broadmoor moved to dismiss this action on the grounds that, as CNPV was an indispensable plaintiff, the court lacked diversity jurisdiction.[9] On June 5, 2012, the court denied this motion, finding that the present complaint did not allege a derivative claim on behalf of CNPV, and, therefore, CNPV's Texas citizenship did not destroy diversity.[10]

On June 19, 2012, Plaintiff sought leave to add CNPV as a plaintiff, and, anticipating CNPV's joinder, filed a renewed motion to dismiss based on lack of diversity jurisdiction.

## II.  Motions for Leave to Amend and to Dismiss

Generally, leave to amend a complaint should be granted freely "when justice so requires."  See Fed. R. Civ. P. ("Rule") 15(a)(2).[11]  Broadmoor contends that CNPV is an indispensable

---

[7]  See Doc. 28, Ex. D to Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Orig. Pet., pp. 1-7.

[8]  Id.  This second state court suit was assigned to the 9th Judicial District Court, Montgomery County, Texas.  See id.  The first state court lawsuit had been filed in the 359th Judicial District Court of Montgomery County, Texas. See Doc. 28, Ex. C to Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Notice of Non-suit.

[9]  See Doc. 11, Pl.'s Mot. to Dismiss, p. 4.

[10]  See Doc. 18, Mem. Op. & Order, p. 9.

[11]  As the scheduling order set no pleading amendment deadline, the court considers the present motion using the more liberal standard of Rule 15, rather than the "good cause" standard of Rule 16.  Cf. S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003)(holding that motions for leave to amend filed after the amendment deadline in the court's scheduling order

3

plaintiff to this suit under Rule 19(a) because the interests of CNPV have been implicated by the relief sought by all parties. In response, Defendants argue that Broadmoor largely seeks relief on its own behalf and not on behalf of CNPV and that joinder of CNPV would destroy the court's diversity jurisdiction and should not be permitted.[12]

Rule 19 provides a two-step inquiry to determine whether to dismiss a case for failure to join an indispensable party. See Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009). The court must first determine whether the party is a required party under Rule 19(a).[13]

---

are reviewed under the Rule 16 standard).

[12] See Doc. 28, Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Orig. Pet., pp. 4-5.

[13] Rule 19(a) provides, in part:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party

Rule 19(a)(1)(A) defines a required party as one whose presence is necessary in order to accord complete relief among the parties. Broadmoor argues that in an action brought by a limited partner, such as itself, to enforce the rights of the limited partnership, the partnership is a required party.[14] The court agrees.

In <u>Bankston v. Burch</u>, 27 F.3d 164, 167 (5th Cir. 1994), a limited partner, on its own behalf, successfully sued its general partner. On appeal, the general partner argued that the partnership's citizenship should have been considered in determining whether diversity, and thus removal, jurisdiction existed. <u>Bankston</u>, 27 F.3d at 167.

The court concurred, first finding that, under New York law, the only direct action that a limited partner could bring in an individual, non-representative capacity against a general partner was for an accounting. <u>Id.</u> The court then reasoned that, because it was the partnership's rights that were litigated, not only was the partnership the real party in interest, it was an indispensable party even when the gist of the complaint was that the general partner had defrauded the limited partners. <u>Bankston</u>, 27 F.3d at

---

        subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

[14]    <u>See</u> Doc. 29, Pl.'s Reply to Defs.' Resp. to Mot. for Leave, p. 2.

167-68. After taking into consideration the citizenship of the partnership, the court found that complete diversity was lacking and remanded the case to state court. Bankston, 27 F.3d at 169.

Applying Bankston then, the court must determine whether CNPV is the real party in interest, or if the claims made in this suit are for Broadmoor's sole benefit. The Fifth Circuit has characterized this inquiry as a "highly practical, fact-based endeavor." Hood, 570 F.3d at 628. Complicating this determination is Broadmoor's proposed amended complaint, which purports to assert derivative claims, while at the same time, refers to itself as the party seeking relief.[15] The court looks to Texas law to determine whether Broadmoor's claims must be brought on behalf of CNPV.

In Texas, an individual shareholder or partner does not have the right to recover personally for injury to the legal entity. Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex. 1990)(corporate stockholder cannot recover individually for wrong done solely to the corporation); Nauslar v. Coors Brewing Co., 170 S.W.3d 242, 250 (Tex. App. – Dallas 2005)(partner has no individual cause of action for losses suffered through tortious interference with a contract between partnership and a third party or harm to the partnership's interest or worth).

In the present case, Broadmoor complains that American Crest,

---

[15] See Doc. 22, Ex. 1 to Pl.'s Mot. for Leave to Am., Pl.'s 1st Am. Compl., pp. 1-18.

CNPV's general partner, misapplied partnership funds, acted in its own self-interest to the detriment of the partnership, and breached the partnership agreement.[16] Broadmoor's claims of breach of the partnership agreement, misapplication of partnership funds and acting to the detriment of the partnership allege harm to the partnership as a whole, therefore, CNPV is the party harmed and is the appropriate plaintiff to those claims. See Nauslar, 170 S.W.3d at 250.

Broadmoor also argues that its breach of fiduciary duty claim is derivative because it alleges that American Crest and Canion damaged the partnership as a whole when they induced CNPV to purchase the 117-acre tract at an inflated price from New Pine Venture IV, an entity controlled by American Crest as its general partner.[17] In response, citing well-settled case law that a general partner owes a fiduciary duty to its limited partners, Defendants argue that amendment of the pleadings is not necessary because Broadmoor may bring a breach of fiduciary duty claim on its own

---

[16] See id. at p. 4 ("Broadmoor further alleges that American Crest . . . . misapplied hundreds of thousands of dollars of the $800,000 in cash . . ."); p. 8 ("At no time did [the general partner] disclose that (1) [the general partner] was the managing partner of [the seller of the property purchased by CNVP]; (2) the principal on the Luecke note had been paid down . . .; (3) the interest payments were no longer $15,000 causing CNVP to overpay interest from April 2007 to October 2010; and (5) the [tract purchased by CNVP] was part of a larger real estate acquisition in 2005 from which the prime property had already been sold ; . . . and (5) that [the general partner] had already profited from that transaction); p. 9 (alleging that the general partner acted under a conflict of interest to the partnership); p. 11 (same); p. 12 (same); p. 13 (alleging that general partner breached the partnership agreement in numerous ways).

[17] Doc. 21, Renewed Mot. & Mem. in Support of Court-Ordered Dismissal, p. 5.

behalf. See Thigpen v. Locke, 363 S.W.2d 247, 253 (Tex. 1962); Crenshaw v. Swenson, 611 S.W.2d 886, 890 (Tex. Civ. App. -Austin 1981).

Again, the court considers which entity has suffered the harm. In the present case, the claim of breach of a fiduciary duty alleges damage to the value of the partnership arising out of the purchase and development of the 117-acre tract. Thus, the partnership is the entity harmed by the Defendants' alleged self-dealing and breach of fiduciary duty. See 7547 Corp. v. Parker & Parsley Dev. Partners, L.P., 38 F.3d 211, 221 (5th Cir. 1994)(finding that Texas would likely allow claims of breach of fiduciary duty arising from a managing partner's mismanagement to be brought as a derivative action). As alleged, any losses suffered by Broadmoor for the above claims would be indirect and duplicative of CNPV's losses and must be brought in a derivative capacity. See Nauslar, 170 S.W.3d at 250-51. Defendants have failed to persuade the court that this action can be brought solely as an individual action by Broadmoor. See Pulitzer-Polster v. Pulitzer, 784, F.2d 1305, 1309 (5th Cir. 1986)(the burden of disputing an initial appraisal that a party is necessary falls on the party opposing joinder).

The court concludes that CNPV is a required party under Rule 19(a) because Broadmoor lacks standing to bring such claims individually and it cannot obtain the relief sought without the

addition of CNPV as a derivative party-plaintiff.

Having determined that CNPV should be joined as a party, CNPV's citizenship, as a Texas partnership, would defeat the court's diversity jurisdiction.[18] The court must determine under Rule 19(b) whether CNPV is indispensable, that is, whether the case should proceed between the existing parties in the absence of CNPV, or should be dismissed.[19] The Rule 19(b) factors to be balanced are:

---

[18] In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546 (2005), the Court found that where 28 U.S.C. § 1367(b) would withhold supplemental jurisdiction over parties added as indispensable pursuant to Rule 19, the addition of such parties must destroy diversity. Id. at 565 ("Also, § 1367(b) expressly withholds supplemental jurisdiction in diversity cases over claims by plaintiffs joined as indispensable parties under Rule 19."). Thus, if CNPV is added as a plaintiff, the court could not maintain its diversity jurisdiction and concurrently assert supplemental jurisdiction over CNPV's claims.

[19] Rule 19(b) provides as follows:

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided by; (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Hood, 570 F.3d at 629.

Turning to the first prong of Rule 19(b), in the proposed complaint, Broadmoor seeks the expulsion of American Crest as the general partner of CNPV and a declaration that American Crest is divested of its thirty percent carried interest in profits arising from CNPV.[20] This relief, if granted, would directly prejudice CNPV.

In addition, pursuant to the CNPV partnership agreement, Defendants' counterclaims for indemnity and attorney's fees incurred as a result of a breach of the partnership agreement are recoverable from the assets of the partnership.[21] Therefore, CNPV has an immediate financial interest in the dispute between its partners and the disposition of its assets. Such a judgment in its absence would impair its ability to protect its interests and

---

[20]  See Doc. 22, Ex. 1 to Pl.'s Mot. for Leave to Am., Pl.'s 1st Am. Compl., at p. 17.

[21]  See Doc. 21, Ex. 7 to Pl.'s Renewed Mot. & Mem. in Support of Court-Ordered Dismissal, Partnership Agreement at § 18.2, p. 10 ("To the extent that the General Partners have been successful on the merits or otherwise in defense of any action, suit, or proceeding referred to in this Section, or in defense of any claim, issue, or matter therein, the Partnership shall indemnify them against the expenses, including attorneys' fees, actually incurred by them in connection therewith. Any payment or indemnification shall be recoverable only from the assets of the Partnership, and not from the assets of any of the Partners.")

satisfies the first prong of Rule 19(b).  See <u>Whalen v. Carter</u>, 954 F.2d 1087, 1096 (5th Cir. 1992)(finding that absent partnership had a strong interest to protect when suit alleged depletion of its assets and thus was an indispensable party).  This factor weighs in favor of finding CNPV an indispensable party and dismissing the action for want of diversity.

As the parties have not provided the court with any argument that the second or third prongs of Rule 19(b) are applicable, the court finds these to be neutral factors.

Finally, considering whether Broadmoor will have an adequate remedy if the action is dismissed, the court finds that it will, based on its most recent state court lawsuit brought in Montgomery County, Texas.  This factor weighs in favor of dismissal.

The court is aware that Defendants oppose dismissal and argue that Broadmoor is forum-shopping by its repeated filings and dismissals of almost identical claims.  Broadmoor denies this improper motivation and asserts that after dismissing the first state court lawsuit, it obtained new counsel who view the law as requiring that the claims be brought in a derivative capacity.[22]  While Defendants have been bounced between state and federal court

---

[22] See Doc. 28, Ex. C to Defs.' Jt. Resp. to Pl.'s Mot. for Leave to Am., Pl.'s Notice of Non-suit of Cause No. 11-09-09721, filed in the 359th Judicial District Court of Montgomery County, Texas, wherein Broadmoor was represented by Charles H. Mansour, Mansour & Associates, 440 Louisiana, Suite 100, Houston, Texas.  The present action was filed by Graig Alvarez, Fernelius Alvarez, PLLC, 1221 McKinney, Suite 3200, Houston, Texas.  <u>See</u> Doc. 1, Orig. Compl., p. 14.

11

over the past several months, the court cannot overlook the law which requires these claims to be brought in a derivative capacity. Thus, Defendants' arguments concerning manipulation of the forum must fail.

## IV.  Conclusion

It is therefore **RECOMMENDED** that Plaintiff's motion for leave to amend be **GRANTED** and that Plaintiff's motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** this 31st  day of August, 2012.

Nancy K. Johnson
United States Magistrate Judge